UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division **98 – 0014**

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATIONS, LOCAL 1416, ON ITS
BEHALF AND ON BEHALF OF ITS
MEMBERS,

      Plaintiff,

v.

MIAMI-DADE COUNTY,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIV-ATKINS

CASE NO.
Magistrate Judge MAGISTRATE JUDGE
JOHNSON

**NOTICE OF REMOVAL**

FILED by _____ D.C.
INTAKE

JAN 5 1998

CARLOS JUENKS
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

To the Judges of the United States District Court for the Southern District

of Florida:

The petition of Miami-Dade County respectfully shows:

1.      On the 15th day of December, 1997, an action was commenced

against petitioner in the Circuit Court of the 11th Judicial District in and for

Miami-Dade County, Florida, entitled International Longshoremen's Association,

Local 1416, on its behalf and on behalf of its members, Plaintiff, against

Miami-Dade County, Defendant, docket no. 97-28308 CA 04, by the service

upon petitioner of a summons and complaint, copies of which are annexed

hereto.  No further proceedings have been had therein.



*J JMM1016 SAM*

2.      The above described action is a civil action of which this court has original jurisdiction under the provisions of Title 28, United States Code, Section 1331, and is one which may be removed to this court by petitioner, defendant therein, pursuant to the provisions of Title 28, United State Code, Section 1441, in that it appears from the plaintiff's complaint that this is a civil action which arises under the Constitution of the United States, Article I, Section 9, and Article 10, Section 1, and the Fifth and Fourteenth Amendments.  The action is one arising under these provisions of the United States Constitution, in that the plaintiff has alleged that an ordinance passed by the Miami-Dade County Commission governing individuals employed at the Port of Miami with felony convictions violated the Equal Protection and Due Process Clauses of the United States Constitution, as well as the prohibition against Ex Post Facto laws contained therein.

WHEREFORE, petitioner prays that the above action now pending against it in the Circuit Court of the 11th Judicial District in and for Miami-Dade County, Florida, be removed therefrom to this Court.

ROBERT A. GINSBURG
Dade County Attorney
Stephen P. Clark Center, Suite 2810
111 N.W. 1st Street
Miami, Florida  33128-1993
(305) 375-5151/Fax (305) 375-5634

By: _____

Jess M. McCarty
Assistant County Attorney
Florida Bar No. 0073873

J:JMM016.SAM

2

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was

mailed this $\underline{5^{th}}$ day of ~~December~~, 199~~7~~ to:  Neil Flaxman, Esq., 550 Biltmore

Way, Suite #780, Coral Gables, Florida  33134.

_____
Assistant County Attorney

OFFICE OF COUNTY ATTORNEY, DADE COUNTY FLORIDA
TELEPHONE (305) 375-5151

| | CIVIL ACTION SUMMONS | CASE NUMBER |
|---|---|---|
| CIVIL DIVISION | Personal Service on a Natural Person.<br>(En Espanol al Dorso)   (Francais Au Verso) | 97 - 28308 CA 04 |

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| PLAINTIFF(S) | VS. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| INTERNATIONAL LONGSHOREMEN'S<br>ASSOCIATION, LOCAL 1416,<br>ON ITS BEHALF AND ON<br>BEHALF OF ITS MEMBERS | METROPOLITAN DADE COUNTY | |

| To Defendant(s): Metropolitan Dade County | Address: Serve:  Mayor Alex Penelas<br>111 NW 1 St., 29th Floor<br>Miami, FL |
|---|---|

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you: your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Dade County Courthouse
Clerk of Courts
Room 138
73 West Flagler Street
Miami, Florida 33130

Additional Court locations are printed on the back of this form.

You must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

| Plaintiff/Plaintiff Attorney<br>NEIL FLAXMAN, PA | Address<br>550 BILTMORE WAY, SUITE # 780<br>CORAL GABLES, FLORIDA 33134 |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named defendant.

| CLERK OF COURTS | BY: _____<br>DEPUTY CLERK | RICHARD WOON | Court Seal | DATE<br>DEC 1 5 1997 |
|---|---|---|---|---|

CLK/CT70 9/89  METRO-DADE ISA MAT HOT

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, LOCAL 1416, ON ITS
BEHALF AND ON BEHALF OF ITS
MEMBERS,

**97-28308  CA 04**

    Plaintiff,

V.

METROPOLITAN DADE COUNTY,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,

LOCAL 1416, ON ITS BEHALF AND ON BEHALF OF ITS MEMBERS, (ILA) and sues the

Defendant, METROPOLITAN DADE COUNTY (County), and states:

1.    This is an action for declaratory judgment and supplemental relief in

accordance with Chapter 86 Fla. Stat., and a claim for rights guaranteed by

the United States Constitution, the State of Florida Constitution, Florida

Statutes and the Dade County Code.

2.    This court has jurisdiction pursuant to §86.021, Fla. Stat. and Fla. R.Civ.P.

1.630.

1

3.    Plaintiff ILA is a labor union, as defined by the National Labor Relations Act

and represents and refers to work in such capacity the individuals who have

felony convictions or findings of guilt associated with felonies within the last

ten years, (affected individuals), as well as other individuals it refers to work

at the Port of Miami.

4.    Defendant County is a political subdivision of the State of Florida and is the

final policy maker with regard to the enactment and implementation of the

ordinance complained of.

5.    On or about September 23, 1997, Defendant County enacted Ordinance 97-

161, a copy of which is attached hereto as Exhibit "A". The relevant portions

of the ordinance which affects the affected individuals is as follows:

(f)   No applicant who, within the last ten (10) years, (i) has had a felony
conviction or (ii) against whom a finding of guilty has been entered, shall be
issued an identification card, unless such applicant is an employee, agent,
independent contractor or servant of a common carrier, motor carrier or
private carrier of property by motor vehicle as those terms are defined in
Section 28A-1(22) above. Notwithstanding the foregoing, the terms of this
subsection 28A-5.3(f) shall not apply to any applicant for a Seaport
identification card who has held a full time position at the Seaport, in good
standing for a period of twenty four (24) consecutive months, as of
September 30, 1997.

(g)   Any applicant for a Seaport identification card who falls within the exclusion
enumerated in the last sentence of subsection 28A-5.3(f) above, who within
the last ten (10) years either (i) has had a felony conviction or (ii) against
whom a finding of guilty has been entered, relating to any felony involving
(a) theft, (b) smuggling, (c) the usage, possession, or trafficking of narcotics
or any other controlled substance, (d) dishonesty, fraud, or
misrepresentation, or (e) any violent crime committed with a weapon, shall
be ineligible to receive a Seaport identification card.

2

(h)     Any employee denied an identification card based on subsection (g) above may appeal the decision to an appeals committee, provided the employee has (i) only one felony conviction, or (ii) multiple felony convictions related to the same act or occurrence, within the last ten (10) years. An employee denied an identification card based on two or more unrelated felony convictions within the last ten (10) years shall not be entitled to an appeal under this subsection. The appeals committee shall consist of five members, the Director of the Metro-Dade Police Department, the Special Agent in charge of the U.S. Customs Service in Miami, the Special Agent in charge of the U.S. Drug Enforcement Administration in Miami, the Port Director, and a union representative. The appeals committee shall determine whether the employee shall be issued an identification card based on procedures issued by the County Manager in an administrative order.

6.     The affected individuals have been employed at the Port of Miami for varying periods of time without incident related to any criminal wrongdoing affecting their work.

7.     The affected individuals are employed at the Port of Miami under the terms and conditions of a collective bargaining agreement, which, among other things, creates an employment relationship that provides:

A.     Termination only for cause

B.     A substantial wage

C.     Pension benefits

D.     Health and welfare benefits for the affected employee and their spouses and dependents.

8.     Absent the employment opportunity afforded the affected individuals at the Port of Miami, there is no comparable employment for the affected individuals.

3

9.    Plaintiff ILA and the affected individuals have no adequate remedy at law and will suffer irreparable harm if the ordinance is enforced in that there is a substantial likelihood that such affected individuals will not be issued identification cards and, therefore, be precluded from working at the Port of Miami and, in addition to suffering financial loss, will suffer loss of dignity, future employment, pension opportunities and health and welfare benefits for himself/herself, his/her spouse and dependents to the extent applicable.

10.   A case or controversy exists in that the ordinance is the law within the County and its implementation is immediate.

11.   As a result of the enactment of the ordinance, Plaintiff ILA and the affected individuals have been placed in doubt as to their rights under the ordinance in that Plaintiff ILA and the affected individuals believe that, for the reasons set forth herein, the ordinance is void, invalid and/or unenforceable.

<u>COUNT I</u>

<u>VIOLATION OF FLORIDA STATUTES AND DADE COUNTY CODE</u>

12.   Plaintiff ILA realleges the allegations of Paragraphs 1 through 11.

13.   At the time of second reading of the ordinance, such ordinance was adopted on condition made by floor amendment that such ordinance have an appeal process for the benefit of the affected individuals.

14.   Without further public hearing, an appeal process was made part of the ordinance, specifically Section 28A-5.3(F)(G) and (H) of the ordinance.

4

15. Chapter 166 Fla. Stat., as well as the Dade County Code provide for advertisement and public hearing before an ordinance becomes final.

16. Such advertisement and public hearing as to the ordinance did not occur since the "floor amendment" to allow an appeal process was a substantial revision of the ordinance and such revision was neither before the Defendant County nor advertised, nor part of the public hearing process, contrary to the Florida Statutes and the Dade County Code.

17. As a result of Defendant County's failure to comply with Florida Statutes and the Dade County Code, the ordinance is void and of no effect.

WHEREFORE, as to Count I, Plaintiff requests:

A. That the court enter a temporary injunction prohibiting the enforcement of the ordinance.

B. That upon final hearing, the court enter a final judgment declaring the ordinance void.

C. Such other relief as to the court is proper under the circumstances.

## COUNT II

### VIOLATION OF THE EQUAL PROTECTION UNDER THE UNITED STATES AND STATE OF FLORIDA CONSTITUTIONS

18. Plaintiff ILA realleges the allegations of Paragraphs 1 through 11.

19. Plaintiff ILA and the affected individuals are entitled to those rights afforded individuals in accordance with the United States and State of Florida Constitutions, inclusive of Section 12 of the Declaration of Rights of the

5

Florida Constitution and the Fourteenth Amendment to the United States Constitution.

20.   Defendant County, being a political subdivision of the State of Florida, is obligated to afford all individuals equal protection under the Constitution of the United States and the State of Florida.

21.   Defendant County, acting under color of law and through its County Commission, as its policy maker, denied to Plaintiff ILA and the affected individuals equal protection under the law by enacting the ordinance in that such ordinance:

   A.   Singles out the Port of Miami as the sole geographic area under the ordinance.

   B.   Targets individuals who have had felony convictions regardless of the nature of the conviction.

   C.   Relates back to a time of ten (10) years from conviction or finding of guilt, without regard to the date of occurrence.

   D.   Fails to incorporate a meaningful grandfather provision for the protection of the affected individuals, who have worked at the Port of Miami without incident.

   E.   Creates a more stringent standard for employment at the Port of Miami than any other occupation within Dade County, inclusive of police and fire rescue personnel.

   F.   Fails to create a rational basis for exclusion related to its purpose.

6

G.  Fails to have appropriate appeal criteria.

22.  Any or all of the foregoing, as set forth in Paragraph 21, having no rational basis to the prevention of crime related to the Port of Miami.

23.  Any or all of the foregoing, as set forth in Paragraph 21, creating an arbitrary classification as it relates to members of the Plaintiff ILA, as compared to other employees generally.

24.  The ordinance constitutes arbitrary, oppressive governmental activity, which adversely affects the life, liberty and property rights of the Plaintiff and the affected individuals.

WHEREFORE, as to Count II, Plaintiff ILA requests:

A.  That the court enter a temporary injunction prohibiting the enforcement of the ordinance.

B.  That upon final hearing, the court enter a final judgment declaring the ordinance void, voidable or unenforceable as enacted.

C.  Plaintiff be awarded its attorneys' fees and costs.

D.  Such other relief as to the court is proper under the circumstances.

## COUNT III

### VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE UNITED STATES AND STATE OF FLORIDA CONSTITUTIONS

25.  Plaintiff realleges the allegations of Paragraphs 1 through 11.

26.  Plaintiff ILA and the affected individuals are entitled to those rights afforded individuals in accordance with the United States and State of Florida

7

Constitutions, inclusive of those rights guaranteed by Article I Section 9 of the Florida Constitution and the Fifth and Fourteenth Amendment of the United States Constitution.

27.   Defendant County, being a political subdivision of the State of Florida, is obligated to afford all individuals due process under the Constitution of the United States and the State of Florida.

28.   Defendant County, acting under color of law and through its County Commission, as its policy maker, denied to Plaintiff ILA and the affected individuals due process under the law enacting the ordinance in that such ordinance:

A.   Singles out the Port of Miami as the sole geographic area under the ordinance.

B.   Targets individuals who have had felony convictions regardless of the nature of the conviction.

C.   Relates back to a time of ten (10) years from conviction or finding of guilt, without regard to the date of occurrence, or the nature of the felony.

D.   Fails to incorporate a meaningful grandfather provision for the protection of the affected individuals, who have worked at the Port of Miami without incident.

E.   Creates a more stringent standard for employment at the Port of Miami than any other occupation within Dade County, inclusive of

8

police and fire rescue personnel.

F. Fails to create a rational basis for exclusion related to its purpose.

G. Fails to have appropriate appeal criteria.

29. At all times relevant hereto, the affected individuals had a property right in their employment at the Port of Miami.

30. The taking from the affected individuals of their employment by the ordinance is discriminatory, arbitrary, oppressive, overly broad and does not bear a reasonable relation to a permissible legislative objective and creates a substantive violation of due process.

31. In addition to the above, the ordinance is procedurally defective in that the appeal process in the ordinance crates no guidelines or standards for review of a denial of an identification card and provides to some of the affected individuals (those that have two felony convictions within ten years) no method of appeal.

WHEREFORE, as to Count III, Plaintiff requests:

A. That the court enter a temporary injunction prohibiting the enforcement of the ordinance.

B. That upon final hearing, the court enter a final judgment declaring the ordinance void.

C. Plaintiff be awarded its attorneys' fees and costs.

D. Such other relief as to the court is proper under the circumstances.

9

## COUNT IV

## EX POST FACTO VIOLATIONS

32.   Plaintiff ILA realleges the allegations of Paragraphs 1 through 11.

33.   Plaintiff ILA and the affected individuals are entitled to those rights afforded individuals in accordance with the United States and State of Florida Constitutions, inclusive of Article I, Section 10 of the Florida Constitution and Article I, Section 9, Clause 3, Article 10, Clause 1 of the United States Constitution.

34.   Defendant County, being a political subdivision of the State of Florida, was prohibited from enacting any law which penalizes longshore workers for acts done long ago, the proper function of regulation being to guide and control present and future conduct.

35.   Defendant County, acting under color of law and through its County Commission and as its policy maker, enacted an ex-post facto law by enacting the ordinance for the following reasons:

   A.   The ordinance reaches back in time to punish the affected individuals for acts which occurred before enactment of the ordinance;

   B.   Although the ordinance serves as a regulation to control present and future employment at the Port of Miami, it, in addition, penalizes longshore workers for acts done long ago by stripping them of their employment and benefits associated therewith.

10

36.    To the extent that the ordinance is ex-post facto, such portion of the ordinance should be stricken, specifically those provisions which in any way concern individuals employed at the Port of Miami on the date the ordinance became effective, to-wit: ten (10) days from September 23, 1997.

WHEREFORE, as to Count IV, Plaintiff requests:

A.    The court enters a temporary injunction prohibiting the enforcement of those sections of the ordinance which are in fact ex-post facto.

B.    That upon final hearing the court enter a final judgment striking those portions of the ordinance which are ex-post facto.

C.    That Plaintiff ILA be awarded its attorneys' fees and costs.

D.    Such other relief as the court deems proper under the circumstances.

### NOTICE OF POTENTIAL AMENDMENT

In the event the ordinance is implemented and damage is suffered by the Plaintiff and/or its members, Plaintiff gives notice that it will be filing an amended complaint to include a claim under 42 U.S.C. §1983, inclusive of a claim for attorneys' fees.

NEIL FLAXMAN, P.A.
Attorney for Plaintiff
550 Biltmore Way, #780
Coral Gables, FL 33134
Tel:    (305)  445-1388
Fax:    (305)  443-0279

By _____
        Neil Flaxman

11

STATE OF FLORIDA         )

COUNTY OF DADE          )

BEFORE ME, the undersigned authority, this day personally appeared Clarence

Pitman, President of International Longshoremen's Association, Local 1416, who being

first duly sworn, deposes and says that the allegations of this complaint are true and

correct to the best of his knowledge and belief.

_Clarence Pittman_
Clarence Pittman

SWORN TO AND SUBSCRIBED before me this _18 th_ day of December, 1997.

_Alina M. Padron_
Notary Public

```
┌─────────────────────────────────┐
│      OFFICIAL NOTARY SEAL        │
│         ALINA M PADRON           │
│  NOTARY PUBLIC STATE OF FLORIDA  │
│      COMMISSION NO. CC496749     │
│   MY COMMISSION EXP. SEPT 19,1999│
└─────────────────────────────────┘
```

UNION\1416\METRO\COMPLAINT

12

Approved _____ Mayor

Veto _____

Override _____

Agenda Item No. 4(G)
9-23-97

ORDINANCE NO.   97-161

ORDINANCE AMENDING SECTION 28A OF THE CODE OF METROPOLITAN DADE COUNTY, FLORIDA; AMENDING SEAPORT SECURITY PROVISIONS; ELIMINATING GRANDFATHER CLAUSE REGARDING ISSUANCE OF SEAPORT IDENTIFICATION CARDS; PROVIDING SEVERABILITY, INCLUSION IN THE CODE, AND AN EFFECTIVE DATE

**BE IT ORDAINED BY THE BOARD OF COUNTY COMMISSIONERS OF DADE COUNTY, FLORIDA:**

Section 1.    Section 28A of the Code of Metropolitan Dade County, Florida, is hereby amended to read as follows:[1]

**CHAPTER 28A    SEAPORT SECURITY AND OPERATIONS**

**Sec. 28A-1.   Legislative intent.**

The intent of the County Commission in enacting this chapter is to accomplish the following goals and purposes at the Port of Miami:

(1)    Improve security.

(2)    Retain certain of the present identification procedures, and adopt certain new procedures providing greater security protection.

---

[1]    Words stricken through and/or [[double bracketed]] shall be deleted. Words underscored and/or >>double arrowed<< constitute the amendment proposed. Remaining provisions are now in effect and remain unchanged.

C:\WINDOWS\TEMP\32M26.SAM

Amended
Agenda Item No. 4(G)
Page No. 2

    (3)    Curb theft and fraud within Dade County relating to goods or merchandise constituting freight or cargo within the Port of Miami.

    (4)    Establish rules and regulations governing seaport security and operations.

    (5)    Preserve the public peace by preventing crime, detecting, arresting and prosecuting violators of Chapter 28A of the Code of Dade County, and protecting the rights of persons and property within Dade County.

**Sec. 28A-2.    Definitions; applicability of chapter provisions; disclaimer of liability; right of access of public officers, etc.; use and enjoyment of premises; offenses and penalties.**

28A-2.1.    *Definitions.* Words not specifically defined in this Section 28A-2 which relate to maritime and shipping industries or practices, processes and equipment shall be construed according to their general usage in the shipping industry.

    (1)    *Area of cargo operations* and ACO shall mean that portion of the Port of Miami (also known as the "port terminal facility") which is primarily devoted to the holding and handling of cargo and freight, and which the Director designates as an area in which limited ingress and egress is required for the safety, protection or security of the public and the cargo and freight within it.

    (2)    *Authorized* shall mean acting under or pursuant to a written contract, license, permit, instruction or other evidence of right issued by the>> Board or the<< Manager or his designee.

    (3)    *Board* shall >>mean the Board of County Commissioners of Metropolitan Dade County, Florida<<[[be synonymous with County Commission]].

    (4)    *Cargo* shall mean the load, lading, goods or merchandise conveyed or consigned for transit upon any vessel or vehicle or stored at a port terminal facility.

Amended
Agenda Item No. 4(G)
Page No. 3

(5)  *Carrier of freight* shall mean any person who is engaged or holds himself out as willing to be engaged in carriage of freight or passenger baggage by water or land between any point in the port and a point outside the port.

(6)  *Checker* shall mean any person employed to verify freight loaded, off-loaded or stored at the port, particularly freight handled by longshoremen. The term shall include foremen and crew leaders.

(7)  *Commercial activity* shall mean (a) the shipping, transferring, exchanging, trading, buying, hiring, or selling of commodities, goods, services, freight or property of any kind on the port, (b) engaging in any conduct on the port for revenue-producing purposes, whether or not revenues ultimately are exchanged, obtained, or transferred on the port, or (c) the offering or exchange of any service on the port as a part of, or condition to, other revenue-producing activities or services on or off the port.

(8)  *Department* shall mean the Metropolitan Dade County Seaport Department.

(9)  *Director* shall mean the administrative head of the Seaport Department, appointed by the County Manager, or the assistant or acting Director.

(10)  *Freight* shall mean cargo and passenger baggage carried, consigned or stored at any port terminal facility.

(11)  *Law Enforcement Officer* shall mean any person employed and vested with the police power of arrest under federal, State or County authority.

(12)  *Longshoreman* shall mean an employee of a stevedore or stevedoring firm at the port whose work consists of the freight loading or unloading of vessels at the port or the movement of freight incidental to, immediately prior to, or following such loading or unloading of a vessel.

C:\WINDOWS\TEMP\ZAGZ6.SAM

5

Amended
Agenda Item No. 4(G)
Page No. 4

(13)   *Motor vehicle* shall mean a device in, upon or by which a
person or property may be propelled, moved or drawn upon
land or water. However, a device moved solely by human or
animal power, or aircraft, or a device moved exclusively
upon stationary rails or tracks shall be defined as a
"vehicle," rather than as a "motor vehicle."

(14)   *Operational directives* shall refer to instructions, directives,
rules and regulations pertaining to the operation of the Port
of Miami, >>including Port of Miami Tariff No. 10 as
amended,<< prepared and promulgated from time to time
by the Director. When approved by the Board of County
Commissioners, these operational directives shall have the
same force and effect as County ordinances.

(15)   *Operator*, with respect to a vehicle or motor vehicle, shall
mean any person in actual physical control thereof.
"Operator," with respect to maritime or shipping services,
shall mean any person carrying on the business of furnishing
wharf, dock, warehouse or other terminal services or
facilities.

(16)   *Owner* shall mean a person holding legal title to a vehicle or
motor vehicle, or in the event that such vehicle is the subject
of a mortgage, conditional sale or lease, then the person in
whom the immediate right of possession thereof is vested.

(17)   *Person* shall be as defined in Section 1.01(3), Florida
Statutes, and shall include municipal, governmental and
public bodies and their agents, when such bodies or agents
are using the port terminal facility.

(18)   *Port* shall mean the Port of Miami and shall include Dodge
Island, and port terminal facility, and that area described as
the "Miami Harbor" in the "Port of Miami Terminal Tariff,"
or any amendment thereto (issued by the County Manager
under Administrative Order No. 4-4, pursuant to Section
4.02 of the Home Rule Charter).

(19)   *Port terminal facility* shall include, but not be limited to:
harbor, channel, turning basin, anchorage area, jetty,
breakwater, waterway, canal, lock, tidal basin, wharf, dock,

Amended
Agenda Item No. 4(G)
Page No. 5

pier, slip, bulkhead, public landing, warehouse, terminal,
refrigerating and cold storage plant, railroad and motor
terminal for passengers and freight, rolling stock, railroad
connection, sidetrack or siding, car ferry, pipeline, shop,
administrative building, booth or office, tunnel, causeway,
bridge, fence, parking lot, conveyors and appliances of all
kinds for the handling, storage, inspection and
transportation of freight and passenger traffic, whether
between land and water or between two (2) vessel carriers.

(20) *Port watchman* shall mean any watchman, gateman,
roundsman, private investigator, guard, guardian or
protector of property (whether employed by any person,
carrier of freight, or the Department) to perform services in
such capacity on any portion of the port, but shall not mean
any Law Enforcement Officer.

(21) *Restricted area* shall mean [[that portion of the]] >>all<<
area>>s<< of cargo operations >>and cruise operations,
including (1) cruise passenger baggage terminals and
(2) cruise passenger loading areas and all areas locked or
posted as restricted areas.<< [[which is posted by the
Department to limit entry or access to specifically
authorized persons.]]

(22) *Shipping industry* shall refer to the movement of persons
and property by water, and the means by which such
movement is accomplished, and shall include, but not be
limited to, the following:

(a) *Common carrier by water* as defined in the Shipping
Act of 1916, as amended, in 46 U.S.C. 801,

(b) *Common carrier* as defined in the Interstate
Commerce Act, as amended, 49 U.S.C. 1, when
engaged in the transport of cargo or freight to or
from a port terminal facility,

(c) *Motor carrier* and *private carrier of property by
motor vehicle* as defined in the Interstate Commerce
Act, as amended, in 49 U.S.C. 303, when engaged in

17

Amended
Agenda Item No. 4(G)
Page No. 6

the transport of cargo or freight to or from a port terminal facility,

(d) *Air carrier, foreign air carrier* and *agent* as defined in 49 U.S.C. 1301 when engaged in the transport of cargo or freight to or from a port terminal facility,

(e) *Vessel* as defined in the Shipping Act of 1916, as amended, 46 U.S.C. 801,

(f) *Forwarding* or *forwarder* as defined in 46 U.S.C. 801 and 49 U.S.C. 1002(5),

(g) Employees, agents, servants or independent contractors of the above, and

(h) Any person (including any governmental body) carrying on the business of furnishing a wharf, dock, warehouse or other port terminal facility in connection with any of the above.

(23) *Stevedore* shall mean a contractor (but not including employees thereof) who for compensation moves, agrees to move, consigns or agrees to consign freight on a vessel, whether publicly or privately owned, at a port terminal facility that lies between a point in the port and a point outside the port. "Stevedore" shall also include a contractor (but not including employees thereof) who for compensation, performs or agrees to perform labor or services incidental to the movement of freight on a vessel at a port terminal facility; such movement of freight shall include the movement of freight into or out of containers which have been, are being or will be carried on vessels.

(24) *Taxicab* shall mean any such term as defined in Section 31-81 of the Code of Metropolitan Dade County.

(25) *Traffic* shall refer to pedestrians, vessels and vehicles, while operating within any port area.

(26) *Waterborne freight* shall mean freight carried or consigned for carriage on a vessel.

C:\WINDOWS\TEMP\3T426.SAM

*8*

Amended
Agenda Item No. 4(G)
Page No. 7

(27)   *Parking enforcement specialist* shall mean any department
employee who successfully completes a training program
established and approved by the Police Standards and
Training Commission and is certified by the Commission to
be a parking enforcement specialist.

(28)   *Port security officer* shall mean any individual employed by
the Department for the purposes of maintaining security at
the port.

(29)   *For-hire passenger motor vehicle,* and *limousine* shall mean
such terms as defined in Section 31-81 of the Code of
Metropolitan Dade County. "Passenger motor vehicle" shall
mean such term as defined in Section 31-102 of the Code of
Metropolitan Dade County.

(30)   For purposes of this Chapter 28A, "passenger van" shall
mean a passenger motor vehicle designed to accommodate
no more than eleven (11) passengers, exclusive of the
driver.

(31)   For the purposes of this Chapter 28A, "minibus" shall mean
a passenger motor vehicle designed to accommodate
between twelve (12) and twenty (20) passengers, exclusive
of the driver.

(32)   For purposes of this Chapter 28A, "bus" shall mean a
passenger motor vehicle designed to accommodate no less
than twenty-one (21) passengers, exclusive of the driver.

(33)   *Courtesy car, courtesy van,* and *courtesy vehicle* shall mean
"courtesy vehicle" as defined in Section 25-1.1 of the Code
of Metropolitan Dade County, except that the word airport
shall be substituted by the word port, as defined in Section
28A-2.1.

>>(34) *Abandon* shall mean to forsake, desert, give up and
surrender one's claim or right.

(35)   *County* shall mean the County of Dade in the State of
Florida.

Amended
Agenda Item No. 4(G)
Page No. 8

(36)   _Domestic animal_ shall mean any animal of a species usually domesticated in the United States and customarily found in the home.

(37)   _Explosives_ shall mean any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame or shock, or any device, the primary purpose of which is to function by explosion. The term "explosives" includes, but is not limited to, dynamite, nitroglycerine, trinitrotoluene, ammonium nitrate when combined with other ingredients to form an explosive mixture, or other high explosives, detonators, safety fuses, squibbs, detonating cords, igniter cords and igniters. Explosives shall not include shotgun shells, cartridges or ammunition for firearms.

(38)   _Weapon_ shall mean a gun, knife, blackjack, slingshot, metal knuckles, or any explosive device, or any other like instrument capable of being utilized to coerce, intimidate or injure an individual.

(39)   _Wild animal_ shall mean any animal of a species not usually domesticated in the United States nor customarily found in the home.<<

28A-2.2.       _Applicability of Chapter 28A provisions._

>>(a)<< Any permission granted to a person >>, corporation, partnership, or other legal entity <<by the Board, County Manager or Director, directly or indirectly, expressly or by implication, to enter upon or use the port, including the area of cargo operations>> and restricted areas<<, is conditioned upon compliance with Chapter 28A>> and operational directives<< and the payment of any and all fees or charges established and payable to the County; such fees and charges shall include any and all fees or charges established or approved by the Board >>or the County Manager;<< [[as the charges of any lessee, permittee or franchise holder of the County for]] >>and entry upon or into Port property by any person shall be deemed to constitute an agreement by such person to comply with such rules and regulations

/0

Amended
Agenda Item No. 4(G)
Page No. 9

and to pay any such fees and charges<<[[services rendered or products furnished. Acceptance of such permission shall be an agreement by such person to comply with Chapter 28A and to pay any such fees or charges. Entry upon the port or any port terminal facility shall constitute an obligation of such person to comply with Chapter 28A and to pay fees and charges as aforesaid]].

>>(b)   It shall be unlawful for any person to do or commit any act forbidden by or to fail to perform any act required by these rules and regulations or to fail to pay any fees established and payable pursuant to Chapter 28A.

(c)   The Department, through its Director, may from time to time cause to be issued operational directives applicable to any port property.   If any such operational directive contains a requirement that fees or charges be paid for any operation on or use of a port facility or property as defined in the operational directive, such fees and charges shall be established in accordance with the provisions of Chapter 28A.<<

28A-2.3. *Port liability*. The County assumes no responsibility or liability for any loss, injury or damage to persons or property at the port, nor in connection with the use of a port terminal facility. The placing of property of any nature, including freight on seaport property pursuant to port tariff, shall not be construed, under any circumstances, as a bailment of that property by Dade County; and Dade County, its officers, employees and agents shall not be considered as bailees of any property whatsoever.

28A-2.4. *Access of public employees* and >>*law* <<*enforcement officers*. Department employees and law enforcement officers shall have free and full access to and from any and all places and things on the port to make inspections and/or enforce the provisions of this chapter. No person shall obstruct or interfere with any Law Enforcement Officer or any designated Department employee conducting such inspection and/or enforcement or in the performance of any other power or duty required of such officer or employees. Provided, however, that such free and full access shall be subject to all appropriate federal statutes and regulations

C:\WINDOWS\TEMP\7J42J.SAM

//

Amended
Agenda Item No. 4(G)
Page No. 10

enforced by the U.S. Customs Service or other agency of either state or federal governments.

[[28A-2.5.  Use ~~and enjoyment of port premises.~~

(a)  ~~Not to be obstructed. Save and except in the area of cargo operations and in restricted areas, no person, singly or with others, shall by his conduct prevent any other person lawfully entitled thereto from the use or enjoyment of port terminal facilities, including passage from place to place.~~

(b)  ~~Vehicles. No person shall walk or operate a vehicle upon the port, other than on roads, walks or rights-of-way provided therefor.~~

(c)  ~~Chapter 28A shall not be construed to limit in any way any rights granted or derived from any other statute or any law guaranteeing employees the right to organize in labor organizations, bargain collectively themselves or through labor organizations or other representatives of their choice. Without limiting the generality of the foregoing, nothing contained in Chapter 28A shall be construed to limit in any way the right of employees to lawfully strike or picket without interfering with rights of ingress and egress.]]~~

28A-2.>>5<<[[6]]. *Offenses and penalties.* Every person who violates any provision of Chapter 28A shall be punished by a fine not to exceed five hundred dollars ($500.00), or imprisonment in the Dade County Jail for a period of not more than six (6) months, or both; provided, however, that parking and pedestrian violations shall be punished by a fine not to exceed [[~~fifty dollars ($50.00)~~]]>>the maximum allowable fine prescribed by the Laws of the State of Florida and/or the Code of Metropolitan Dade County, Florida<<.

>>28A-2.6. *Emergencies.*  The Director is empowered to take such action as the Director deems necessary when an emergency exists at a port facility or property which, in the Director's judgment, presents an immediate threat to public health, security, safety or welfare, or to the operation of a port facility or property; provided, however, that in the exercise of such power the Director shall promptly notify the governmental agency(ies) or County

department(s) having been assigned by the Board or County Manager primary responsibility for the handling and resolution of such emergency, and provided further that the Director's power herein granted shall cease upon the assumption of jurisdiction over such emergency by the governmental agency(ies) or County department(s) and such assumption of responsibility shall not be inconsistent with the requirements of any emergency procedure or program for a port facility or property adopted and approved by the Board.  No action shall knowingly be taken by the Director hereunder or by any County department(s) contrary to any regulation or order of the Federal, State, or County agency having appropriate jurisdiction.

28A-2.7.  *Trespassing.*  Whoever, without being fully authorized, licensed or invited, willfully enters or remains at a port facility or property, or a portion thereof, or having been authorized, licensed or invited to a port facility or property , or portion thereof, is warned or ordered by authorized Department personnel or a law enforcement officer to depart, and refuses to do so, commits the offense of trespass.

28A-2.8.  *Other laws.*  All applicable provisions of the laws of the State of Florida, now in existence or hereafter enacted, are hereby adopted by reference as part of these rules and regulations.

28A-2.9.  *Jurisdiction.*  The violation of any provision hereof shall be triable in the Dade County Court.

28A-2.10.  *Severability.*  If any provision of these rules and regulations or the application thereof to any person or circumstances is held invalid, the remainder of these rules and regulations and the application of such provision to other persons or circumstances shall not be affected thereby.<<

### Sec. 28A-3.   Procedures governing the area of cargo operations and >>other<< restricted areas.

28A-3.0. *Access.* No person shall enter a>>n<< [[cargo]] area >>of cargo operations<< or >>other<< restricted area unless >>clearly displaying an identification card allowing for such access or<< first being authorized to do so by >>the Director, a designee of the Director, or a law enforcement officer.<< [[a port security officer

~~or a Metro-Dade Police Officer.~~]]     >>Notwithstanding the foregoing, this section 28A-3.0 shall not apply to properly ticketed cruise vessel passengers engaged in cruise vessel embarkation or disembarkation.<<

28A-3.1. *Consent to inspection.* Any vehicle or motor vehicle, and the contents thereof, entering, departing from or being within the area of cargo operations >>or other restricted area <<shall be subject to inspection by the Director, Departmental employees, or any Law Enforcement Officer for the purposes of determining ownership of such vehicle, the contents thereof, and for examining the documentation relating to the said contents; such inspection shall be subject to the rules and regulations of the U.S. Customs Service related to bonded cargo and customs seals. The operation or use of a vehicle or motor vehicle by any person into, from or within the area of cargo operations or a restricted area of the port shall constitute the consent of the owner, operator or user of such vehicle to the aforesaid inspection.

28A-3.2. *Inspections.* No person shall enter [[the]] >>an<< area of cargo operations or >>other<< [[a]] restricted area>>s<< of the port except persons who enter pursuant to Section 28A-5, >>cruise vessel passengers engaged in cruise vessel embarkation or disembarkation,<<or employees of federal, State or local government bodies then having proper business thereon and bearing proper identification >> required by the provisions of this Chapter 28A. <<No person entering or attempting to enter, being within, or departing from or attempting to depart the area of cargo operations or restricted area of the port shall refuse to produce for inspection at the request of the Director or Department employee or any Law Enforcement Officer a Department identification badge and/or the contents of any vehicle, bag, case, parcel, box or container of any kind in his possession. Where the entry into or departure from or attempt thereof is by means of a vehicle or motor vehicle, no person shall refuse to produce for inspection, after such request, a driver's license or department vehicle permit. No person shall refuse to produce at the request of the Director or Department employee or any Law Enforcement Officer any document in his possession relating to the ownership or possession of freight within the area of cargo operations or any restricted area.

/4

28A-3.3. *Control of vehicular traffic.* Control of all vehicular traffic on the port shall be governed by the laws of the State of Florida, the Code of Metropolitan Dade County and operational directives. No person shall enter, operate or cause to be operated any vehicle or motor vehicle in the area of cargo operations or any restricted area unless such entrance or operation is required for a cargo, passenger or business activity within such area [[or]] >>and<< is [[an activity of or]] authorized by the Department. No person shall operate any vehicle or motor vehicle within the area of cargo operations or a restricted area without a vehicle or motor vehicle identification decal as prescribed by Section 28A-4.

28A-3.4. *Parking.*

(a)  No person shall park any vehicle or motor vehicle within the port in areas other than those designated or authorized by the Director or by operational directive, or in any other manner contrary to any posted Department sign, traffic control device or pavement marking. No person shall park any vehicle or motor vehicle within the port in a manner that will interfere with the use of a facility or area by others or obstruct passage or movement of emergency vehicles or other vehicles.

(b)  Parking, to the extent available, may be provided for personnel employed in the area of cargo operations>> or other restricted area <<, but will be restricted to areas designated by the Director. >>It shall be a violation of the provisions of this Chapter for such personnel to park a vehicle in any area other than those expressly designated by the Director.<<

(c)  Whenever any vehicle or motor vehicle is improperly or illegally parked or positioned as to obstruct traffic, or is reasonably likely to cause a hazard to the health or safety of persons lawfully on the property, or impedes or is likely to impede the movement or handling of freight or passengers by reason of its position or condition, or is apparently abandoned on the port (as defined in Chapter 705, Florida Statutes), then the Director, his agents or a Law Enforcement Officer may remove the offending vehicle or motor vehicle.

Amended
Agenda Item No. 4(G)
Page No. 14

(d)     The owners of vehicles or motor vehicles removed pursuant
        to subsection 28A-3.4(c) may reclaim same and shall be
        required to pay appropriate charges accrued against such
        vehicle for parking, removal and storage on the port.

(e)     Parking enforcement specialists >> and law enforcement
        officers <<are hereby authorized to issue uniform parking
        tickets. If the vehicle is unattended, the ticket may be
        attached to the vehicle in a conspicuous place. The owner of
        said motor vehicle must answer to the charge placed against
        him within thirty (30) days as provided in Section 30-389.2
        of this Code.

### Sec. 28A-4.   Identification permit for vehicles and motor vehicles.

28A-4.1. *Vehicle and motor vehicle identification generally*. Any
person employed at the port on a permanent basis and driving a
motor vehicle onto port premises and all persons owning>>,
leasing, or operating<<one (1) or more vehicles or motor vehicles
operating on the port and entering into>> or<< [[and]]departing
from the ACO or a restricted area (other than cruise vessel
passengers engaged in vessel embarkation or disembarkation) shall
obtain and maintain a current identification permit for each vehicle
from the Department. Such permit may be a numbered decal
reflecting the authorization to enter into the ACO or restricted area.
>> Application for such permit must be accompanied by copies of
the vehicle registration, certificate of insurance and the applicant's
driver's license, as well as the driver's license of all anticipated
operators of such vehicle or motor vehicle.   <<The completed
application for such permit (one (1) for each vehicle or motor
vehicle) shall be submitted in duplicate on a form designed by Dade
County. The owner or operator of such vehicle shall cause the
permit to be permanently affixed to the vehicle or motor vehicle for
which the permit was issued, and in a manner and place specified by
the Director, so that it shall be plainly visible. Such permits shall be
renewed by the vehicle or motor vehicle owner in a manner
prescribed by the Director, annually [[or for such greater period as
the Director determines, on the date of or]] before its expiration.

/6

28A-4.2. *Temporary vehicle, motor vehicle and construction vehicle identification permit.*

(a)   A temporary limited identification permit, in the form of a pass, may be issued by the Director to the operator of a vehicle or motor vehicle for occasional or one-time access to a specific area within the area of cargo operations or restricted area or for a vehicle or motor vehicle engaged in construction activities within the port and approved by the Director. An owner of such vehicle shall obtain a permit at the Director's office or at the area of cargo operations upon approval by the Director. When issued it shall identify the vehicle or motor vehicle >>operator, operator's address, operator's driver's license number and issuing state <<and be valid only for the area designated, parking area (if any) and duration stamped on its face. The owner and operator of such vehicle shall cause it to be plainly visible at all times on the vehicle or motor vehicle to which it is issued. The permit shall be returned at the control gate when departing from the area of cargo operations or restricted area or at the Director's office when departing from other portions of the port.

(b)   A record of such temporary permits shall be maintained at the control gate. Any vehicle or motor vehicle operator who enters or who operates a vehicle or motor vehicle within the area of cargo operations more than five (5) times during a four-week period on a temporary permit may be denied a temporary identification permit and be required to obtain a permanent identification permit therefor.

28A-4.3. *Report of changes in data in application for vehicle or motor vehicle permits.* The owner, as defined in subsection 28A-2.1(16), shall report, in writing, to the Director or the office where the identification permit was originally processed, certain changes in the data on any application for a temporary, permanent, or construction vehicle, or motor vehicle permit within thirty (30) days of any of the following changes, namely:

(1)   New vehicle license plate (tag or decal) number;

(2)    Any change in data on vehicle registration certificate or driver's license of applicant;

(3)    Sale or other disposition of the registered vehicle, including the name and address of the transferee of any interest therein;

(4)    Change of vehicle color, motor or title number;

(5)    Loss or damage to permanent, temporary or construction vehicle or motor vehicle permit;

(6)    Change of regularly assigned place of employment[[, except for longshoremen and checkers]];

(7)    Change of applicant's employer[[, except for longshoremen and checkers]]; or

(8)    Change in home address or business address of owner of the registered vehicle.

Failure to report such changes by an owner or operator within [[thirty (30)]]>>ten (10)<< days of the change will result in the suspension of the current >>vehicle <<identification permit >>and shall cause operator's access to area of cargo operations or restricted area to be revoked <<until the change information is furnished. False statements in the change information shall be a violation of Chapter 28A.

28A-4.4.  *Identification of commercial or leased vehicles or motor vehicles.*

(a)    All owners and operators of commercial vehicles or motor vehicles operated or used within the port shall comply with Section 8A-276, Code of Metropolitan Dade County.

(b)    Before any leased vehicle or motor vehicle is authorized entry into the area of cargo operations or any restricted area, the operator thereof upon demand by the Director or Department employee or any Law Enforcement Officer shall comply with Section 28A-4 hereof and shall also present a

legible copy of the agreement authorizing the use of the said vehicle by the operator or his employer.

28A-4.5. *Ground transportation.*

(a)  Any taxicab licensed pursuant to Section 31-82 of the County Code and for which a permit issued under Section 31-93(d) of the County Code is current and valid shall have the right to transport persons and their baggage from the Port of Miami.

(b)  Except for taxicabs as set forth in (a) above, no person shall transport another person or baggage by mini-bus, bus, passenger van, limousine, or any other passenger motor vehicle, or courtesy vehicle from the port, or engage in commercial activity on the port, without a valid permit issued by the Director and payment of any fee established in the Port of Miami Terminal Tariff.

(c)  It shall be unlawful for the operator of any motor vehicle to park in the ACO or any restricted area or in any loading zone for any longer period than is necessary to load or discharge persons or baggage.

(d)  No person shall operate a motor vehicle contrary to posted signs.

(e)  No person shall solicit or engage in the rental car business on the port without a valid permit issued by the Director and payment of any fee established in the Port of Miami Terminal Tariff.

(f)  Nothing contained herein shall be construed to authorize the operation of a passenger motor vehicle or courtesy vehicle in violation of any other provisions of the Code of Metropolitan Dade County, specifically including but not limited to Chapter 31.

**Sec. 28A-5.    Identification cards for persons.**

28A-5.1. *Persons who may enter area of cargo operations or restricted area.* No person, >>other than cruise vessel passengers

Amended
Agenda Item No. 4(G)
Page No. 18

engaged in the process of cruise vessel embarkation or disembarkation.<< [[unless possessing an identification card or otherwise authorized under Chapter 28A,]] shall have entry to [[the]] >>any<< area of cargo operations or >>any<< restricted area >>unless such person possesses a current Seaport-issued identification card authorizing such access or whose access is otherwise expressly authorized under Chapter 28A. Identification cards shall be worn conspicuously on the outer garment of the bearer, in plain view above the waist.<<

>>28A-5.2 *Plan for Issuance.* The Director shall devise, maintain and, as required, revise a plan for the issuance of identification cards to all port employees and non-port employees working on the Port. Such plan shall provide various levels of security clearance based on the security requirements of distinct areas of the port.

Such plan shall provide for ready identification of various clearance levels, based on card color: green for port employees; red for non-port employees with security access to restricted areas; blue for non-port employees with access to non-restricted public access areas; and white for non-port temporary employees which require no more than five days access to Port property; or such other color scheme as may be designated by the Director.

With the exception of temporary identification cards, each identification card shall:

(a)   Be issued for a period not to exceed two (2) years;

(b)   Contain a photo of the cardholder;

(c)   Contain a physical description of the cardholder, to include but not be limited to height, weight, and date of birth of cardholder;

(d)   Contain the name, title, and employer, or in the case of a port employee the employing department and division or section, of cardholder; and

(e)   Contain a unique serial number not to be repeated on any other identification card.<<

Amended
Agenda Item No. 4(G)
Page No. 19

28A-5.[[2]]>>3<<. *Application.*

(a)     The application for an identification card [[that will permit a person to enter the area of cargo operations or other restricted area]] is to be a public record filed in writing and shall contain the applicant's:

(1)     Full >>current<< name >>and any previous names and aliases used<<;

(2)     >>Current residential address and all residential addresses within the past five (5) years<< [[Residence]];

(3)     Date and place of birth;

(4)     Current employer >>and any previous employer within the past five (5) years<<[[, except for applications submitted by longshoremen and checkers]];

(5)     Social Security number >>and driver's license number as well as copies of each<<;

(6)     Specific reason for entry into the area of cargo operations or restricted area[[, except for applications submitted by longshoremen and checkers]]; [[and]]

(7)     A photo of applicant taken >>by the Department at the time of application submission<<[[within the previous thirty (30) days.]]>>;

(8)     Authenticated fingerprints on an identification record form furnished by the Director of the Metro Dade Police Department;

(9)     Prior felony convictions or entries of findings of guilt (whether pursuant to a plea of guilty or nolo contendere or a judgment of conviction entered by a court of competent jurisdiction);

C:\WINDOWS\TEMP\5\M26.SAM

21

Amended
Agenda Item No. 4(G)
Page No. 20

(10)   Signed authorization for the Director to conduct a criminal or other background check on the applicant;

(11)   For non-port employees, signed affidavit from employer attesting that employer has conducted a background investigation of the employee and that all facts contained within the application is truthful. Such background investigation will be stored by the employer for a period of not less than five (5) years and be made available to the Director or law enforcement officers upon request; and

(12)   Signatures of applicant, Director or Director's designee, and employer for non-port employees or immediate supervisor for port employees.<<

[[(b)   Unless previously denied an identification card, the applicant shall not be denied the right to work within the port or any portion thereof while his application is pending approval.]]

>>(b)   Pending final action on an application for an identification card, the Director may issue a temporary identification card to non-port employees.

(c)   In addition to the information required in subsection (a) above, the Director may require the applicant to produce such further facts and evidence as may be necessary to determine whether or not the applicant possesses the qualifications necessary for an identification card.<<

(d)   The making of a false statement in the application for an identification card under this section shall be grounds for refusal to issue the card and also shall be a violation of Chapter 28A.

>>(e)   The Director may conduct or require a criminal and/or financial background check on any applicant, and may conduct or require such other background checks as the Director deems necessary.

Amended
Agenda Item No. 4(G)
Page No. 21

\*\*\*(f)  No applicant who, within the last ten (10) years, (i) has had a felony conviction or (ii) against whom a finding of guilty has been entered, shall be issued an identification card, unless such applicant is an employee, agent, independent contractor or servant of a common carrier, motor carrier or private carrier of property by motor vehicle as those terms are defined in Section 28A-1(22) above.  Notwithstanding the foregoing, the terms of this subsection 28A-5.3(f) shall not apply to any applicant for a Seaport identification card who has held a full time position at the Seaport, in good standing, for a period of twenty-four (24) consecutive months, as of September 30, 1997.

(g)  Any applicant for a Seaport identification card who falls within the exclusion enumerated in the last sentence of subsection 28A-5.3(f) above, who within the last ten (10) years either (i) has had a felony conviction or (ii) against whom a finding of guilty has been entered, relating to any felony involving (a) theft, (b) smuggling, (c) the usage, possession, or trafficking of narcotics or any other controlled substance, (d) dishonesty, fraud, or misrepresentation, or (e) any violent crime committed with a weapon, shall be ineligible to receive a Seaport identification card.

(h)  Any employee denied an identification card based on subsection (g) above may appeal the decision to an appeals committee, provided the employee has (i) only one felony conviction, or (ii) multiple felony convictions related to the same act or occurrence, within the last ten (10) years.  An employee denied an identification card based on two or more unrelated felony convictions within the last ten (10) years shall not be entitled to an appeal under this subsection.  The appeals committee shall consist of five members, the Director of the Metro-Dade Police Department, the Special Agent in charge of the U.S. Customs Service in Miami, the Special Agent in charge of the U.S. Drug Enforcement Administration in Miami, the Port Director, and a union representative.  The appeals committee shall determine whether the employee shall be issued an identification card based on procedures issued by the County Manager in an administrative order.<<

C:\WINDOWS\TEMP\3242.SAM

23

Amended
Agenda Item No. 4(G)
Page No. 22

[[(e)]]>>(i)<< The Director shall issue said identification card after the applicant has met the requirements of Section 28A-5.

28A-5.[[3]]>>4<<. *Identification card for persons.* >>Identification cards issued by the Department shall at all times remain the property of the County. As such, the Department shall at all times have the right to confiscate or demand return of the identification card of any person who violates the provisions of this chapter and to demand the return of the identification card of all persons employed by a company violating this chapter or whose lease, permit or license agreement with the County allowing use of the port has expired or has been canceled or is terminated. <<The identification card shall be valid for one (1) year from the date of issuance, unless sooner canceled or surrendered. Any holder of such card who is not required to enter the area of cargo operations or other restricted area for forty-five (45) consecutive days (but excluding periods of illness, vacations or strikes) shall surrender his identification card to the Director without necessity for demand; failure to surrender the card shall be a violation of Chapter 28A of the Code of Metropolitan Dade County. Application for or acceptance of a card or pass under Sections 28A-5.3 or 28A-5.6 or entry into the area of cargo operations or other restricted area by any person shall subject such person to the reporting requirements of Section 28A-5.4.

28A-5.[[4]]>>5<<. *Report of changes in data on application for identification card for a person.* Any holder of a personal identification card shall >>immediately<< report in writing to the Director >>any felony arrests, convictions, or findings of guilt, and, <<within t>>en<<[[hirty]] (>>1<<[[3]]0) days of the change >>of << any [[changes in]]data in an application for a personal identification card. Failure to report such changes within the time provided or the making of a false statement in any change in information submitted shall constitute grounds for temporarily or permanently suspending the use of the card >> ; << [[until the information changes are correctly reported;]]false statements >>or material omissions <<in the change information shall be a violation of Chapter 28A.

24

Amended
Agenda Item No. 4(G)
Page No. 23

28A-5.[[5]]>>6<<. *Denial of identification card.* An application for an identification card to enter into the area of cargo operations or other restricted area shall be denied by the Director if the applicant refuses to answer or falsely answers any question listed in Sections 28A-5.2 or 28A-5.4, or refuses to produce documents to verify statements made on the application.

[[28A-5.6. *Grandfather clause.* No bona fide employee whose employment as of October 14, 1978, required entry by such employee into the area of cargo operations or other restricted area shall be denied an identification card (upon initial application or renewal thereof) based upon any act of commission or omission committed prior to the aforesaid date, which said acts would otherwise be a ground for denial of an application for an identification card. Notwithstanding the foregoing, all persons holding such employment shall be required to make application for renewal thereof on or before the expiration date of their identification cards.

28A-5.7. *Reserved.*

28A-5.8. *Temporary identification pass for a natural person.*

(a)    A temporary identification card, in the form of a pass, may be issued by the Director to a natural person who does not hold an identification card issued hereunder, for a single entry into the area of cargo operations or other restricted area for bona fide business purposes on the port. Application for such a temporary pass must be made in accordance with procedures established by operational directive.

(b)    Any natural person attempting to enter the area of cargo operations or other restricted area more than five (5) times in four (4) consecutive weeks may be denied a temporary identification pass and be required to apply for an identification card in accordance with Section 28A-5.2.

(c)    No temporary identification cards or passes will be issued to other than natural persons.]]

25

28A-5.[[9]]>>7<<. *Identification card or pass for a person: Loss, transfer, alteration or possession of altered identification cards, passes or department documents.*

(a)   A person who has lost his >>or her<< valid identification card, after identifying himself >>or herself<< to the satisfaction of the Director, shall be issued a [[temporary identification pass permitting him to do what his identification card permitted him to do, valid for no more than eight (8) calendar days. S]]>>new identification card after s<<uch person [[shall]] submit>>s<< a sworn, completed application for a replacement card and, upon payment of a[[ny]] replacement charge [[(established by operational directive).]] >>of fifteen ($15.00) dollars<<[[; the Director shall issue such replacement card within five (5) days of application on the surrender of the temporary pass]].

(b)   An identification card for a person shall not be transferable at any time for any purpose.

(c)   No person shall retain or have in his >>or her<< possession >>and shall promptly return to the Director, <<any card, permit, pass, badge or other means of identification issued by the Director after it has expired or when such person is no longer employed on the port>> or upon request by the Director that it be returned or when otherwise required by ordinance or otherwise<<. Such retention shall constitute a violation of Chapter 28A of the Code of Metropolitan Dade County.

(d)   No person shall forge, counterfeit, alter, erase, obliterate or transfer any identification card, permit, pass, lease, record, form, badge or other instrument or document issued or maintained by the County Manager or Director, pursuant to Chapter 28A. No person shall have in his possession any forged, counterfeited, altered, erased, obliterated or transferred identification card, permit, pass, lease, record, form, badge or other instrument or document issued or maintained by the County Manager or Director pursuant to Chapter 28A.

Amended
Agenda Item No. 4(G)
Page No. 25

(e)     In the event that any person who has an application on file
        for an identification card enters an area of cargo operations
        or a restricted area without valid identification card or being
        otherwise authorized, such person may have the
        identification card or other authorization under Chapter 28A
        suspended or revoked.

**Sec. 28A-6.    Licensing and permits for stevedores.**

28A-6.1. *Dade County stevedore licenses.* Pursuant to Florida
Statutes, Chapter 311, no person, as defined by Section 1.01(3),
Florida Statutes, shall act as a stevedore within Dade County,
Florida, without first having obtained a stevedore license from the
board after examination. The application for a stevedoring license
shall be made by a natural person only and shall be submitted under
oath to the Director for consideration by the County Manager. The
County Manager shall present the application with his
recommendation to the Board. No person shall employ a stevedore
to perform services as such within the Port of Miami or within
Dade County, Florida, unless such stevedore is licensed by the
Board. The issuance of a Dade County stevedore license shall not
automatically entitle the holder thereof to perform stevedoring
services at or with the Port of Miami.

28A-6.2. *Port of Miami stevedore permits.* No person, as defined
by Section 1.01(3), Florida Statutes, shall act as a stevedore within
the Port of Miami without first having obtained a stevedore permit
from the Director upon application therefor. The application for a
stevedoring permit for the Port of Miami shall be made by a natural
person only and shall be submitted under oath to the Director. The
Director shall examine the qualifications of the applicant and shall
issue the permit only if the criteria established in Section 28A-6 are
met.

28A-6.3. *Application for County stevedore license and Port of
Miami stevedore permit.*

(a)     Each application for a County stevedore license or Port of
        Miami stevedore permit shall be filed together with a
        personal character form furnished by the County Manager
        or the Director and completed and sworn to by the
        applicant.

27

(b)     The applications for the County stevedoring license and the
        Port of Miami stevedore permit shall require the applicant
        to report in writing >>any <<[[his]] affiliation[[, if any]], as
        an employee, partner, associate, officer, trustee, director or
        owner >>of greater than a 20 percent (20%) share<<
        (directly or indirectly)   >>of or<< [[with]] any person,
        corporation, partnership, joint venture, association, firm,
        business trust, syndicate, municipal or other governmental
        body which may directly or indirectly be involved with the
        shipment or handling of freight. If so affiliated, the
        application must be accompanied by a written list of such
        affiliations and the names and addresses of persons or
        members of any such corporation, partnership, joint venture,
        association, firm, business trust, or syndicate.   The name
        and address of each person holding a controlling financial
        interest in the corporation, partnership, joint venture,
        association, firm, business trust, or syndicate, according to
        the definition of "controlling financial interest" contained in
        Section 2-11.1(b)(8), Code of Metropolitan Dade County,
        shall be provided by the applicant, and shall be kept current
        on an annual basis.

28A-6.4. *Procedure for obtaining County stevedore license and/or
Port of Miami stevedore permit.*

(a)     A County stevedore license application shall be obtained at
        the office of the Director, where, upon completion, it shall
        be returned. The Director shall forward it to the
        [[Department of Public Safety]]>>Metro Dade Police
        Department<<. [[Following scrutiny and processing,
        t]]>>T<<he [[Department of Public Safety]]>>Metro Dade
        Police Department<< shall >>scrutinize and process the
        application and<< return it to the Director>>with a
        recommendation to either accept or reject the application.
        The Director shall in turn>>[[, who shall]] forward his
        recommendations with the application to the County
        Manager for his consideration pursuant to Section 28A-6.1.

(b)     A Port of Miami stevedore permit application shall be
        obtained from the office of the Director, where, upon
        completion, it shall be returned. The Director shall forward

it to the [[Department of Public Safety]]>>Metro Dade Police Department<<. Following scrutiny and processing, the [[Department of Public Safety]]>>Metro Dade Police Department<< shall return it to the Director [[for his further consideration]]>>with a recommendation to either accept or reject the application<<. The Port Director, in making his determination as to the issuance or denial of the permit, shall make findings as to the need or lack of need for such permit.

(c)   The County Manager and the Seaport Director shall, after examination, issue stevedore licenses and permits to competent and trustworthy persons in such numbers as they deem necessary for the efficient operation of the county waterfront and Port of Miami facilities. The criteria for issuance shall include, but shall not be limited to, the following:

(1)   The physical ability of the port, the waterways, and the Miami River facilities, respectively, to handle the vessel(s), passengers, freight or support services necessary therefor, which may be proposed by the applicant, including plans (if any) approved by the Board for proposed facilities expansion;

(2)   The total and peak quantities of passengers or freight;

(3)   The frequency of dockings;

(4)   Special demands upon or savings to the County;

(5)   The inability or refusal of license or present permit holders, respectively, to adequately serve new or existing business;

(6)   The financial strength of the applicant, including the ability to secure insurance, indemnity and performance bonds;

(7)   The pendency or entry of any proceeding, judgment or order of any court or regulatory body respecting

the ability of the applicant, its affiliates, and/or its principals or operating offices to conduct a stevedoring business;

(8)   The experience of the applicant, its affiliates, principals or operating officers;

(9)   Efficient operation of the port, having due regard for the business of the port, harbor and channels.

28A-6.5. *Denial of County stevedore license or Port of Miami permit.* A County stevedore license or Port of Miami permit shall be denied to any person required to submit an application in Section 28A-6.3 upon the following grounds: entry of a finding of guilt as to such person (whether pursuant to a plea of guilty or nolo contendere or a judgment of conviction entered by a court of competent jurisdiction) for any violation of Chapter 28A (except Section 28A-3.4)[[;]] or any felony [[involving passengers, cargo or freight without there being a restoration of civil rights]]>>within the last ten (10) years<<.

[[28A-6.6. *Grandfather clause.* No person holding a valid County stevedore license or a valid Port of Miami stevedore permit, respectively, as of October 14, 1978, shall be denied the right to furnish stevedoring services in the County, or within the Port of Miami, respectively, based upon any act of commission or omission committed prior to the aforesaid date, which said acts would otherwise be grounds for denial of a County stevedore license or a Port of Miami stevedore permit. Notwithstanding the foregoing, all persons holding such a license or permit shall be required to make application for renewal thereof as specified herein, and any act of commission or omission of the licensee or permittee occurring after the aforesaid date shall constitute grounds for denial, revocation or suspension of said license or permit.]]

28A-6.[[7]]>>6<<. *Duration.* A Dade County stevedore license or Port of Miami stevedore permit issued by the Board or Director, respectively, shall each expire on January 15, 1979, at 12:00 noon; each such license or permit shall expire on January fifteenth annually thereafter. Upon expiration, a license or permit shall automatically be renewed when the applicant complies with the same requirements and procedures set forth in Sections 28A-6.1

Amended
Agenda Item No. 4(G)
Page No. 29

through 28A-6.8 for an original application >>and upon payment of the annual fees required by Port of Miami Tariff No. 10 as amended.<< Failure of any person to timely file an application for renewal of a Dade County stevedore license or a Port of Miami stevedore permit shall cause the same automatically to lapse.

28A-6.[[8]]>>7<<. *Transfer of Dade County stevedore license or Port of Miami stevedore permit.*

(a)     No stevedoring licenses or permits shall be transferable except as follows: When a licensee or permittee shall have a bona fide sale of the business which he is so licensed or permitted to conducted, he may obtain a transfer of such license or permit to the purchaser of the said business only if the application of the purchaser shall be approved by the Director [[or]]>>and the<< Board under the same procedures provided for in Sections 28A-6.1 through 28A-6.[[7]]>>6<<.

(b)     Immediately and automatically upon the death of a holder of a stevedore license or permit, the license or permit shall terminate; however, any insurance, bond, covenant, indemnity, guarantee or monetary obligation to Dade County arising from the stevedore business at or prior to such death shall remain in full force and effect and shall be binding upon the estate, any beneficiary, devisee, heir at law, creditor or personal representative (as those terms are defined in Chapter 731, Florida Statutes, and particularly Section 731.201 [thereof]).

(c)     Where a holder of a Port of Miami stevedore permit is the only permit holder employed with a stevedore firm on the port, but has no "controlling interest" (as defined in Section 2-11.1(b)(8), Code of Metropolitan Dade County) in the firm, and the permit holder ceases to hold such permit, then the Director shall give a preference in issuing the next available permit to a natural person who is also employed by said stevedoring firm and who files an application and qualifies pursuant to Sections 28A-6.1 through 28A-6.7.

C:\WINDOWS\TEMP\TM26.SAM

### Sec. 28A-7.    Review procedure.

28A-7.1. *Application review.* Any person aggrieved with the decision of the Director or County Manager, with reference to the written denial of an application for any permit, license or identification card, may file a written request with the County Manager within ten (10) days of the denial. Such person shall be entitled to an appeal, to present evidence and witnesses in person or by counsel and to appear before the >>Board<<[[County Manager or a hearing officer designated by the County Manager]]. The decision of the >>Board<<[[County Manager]] on such appeal shall be final. This section shall not apply to persons denied a Dade County stevedore license or Port of Miami stevedore permit under the provisions of Section 28A-6.4[[(e)]]>> and 28A-6.5<<.

28A-7.2. *Reserved.*

### Sec. 28A-8.    Identification.

28A-8.1. *Identification cards.* [[All persons required to possess identification cards pursuant to Section 28A-5 shall, while on the port, wear in a conspicuous place their current individual identification cards issued to them. If this identification card, due to conditions of a particular employment, cannot be worn conspicuously for any time, then it must be immediately available for display to any Law Enforcement Officer or Department employee or agent requesting it.]]Failure to produce [[it]]>>identification cards by all persons required to possess identification cards pursuant to Section 28A-5<< within the port shall be cause for immediate removal from the port and shall be grounds for such further actions as may be authorized by law.

28A-8.2. *Persons exempted.* This Section 28A-8 shall not be applicable to any person who is a master, member of a ship's crew or personnel of a ship's crew, when the ship is located within the area of cargo operations, >>or employee, agent, independent contractor, or servant of a common carrier, motor carrier or private carrier of property by motor vehicle as those terms are defined in Section 28A-2.1(22) above, <<upon a showing of such identification as may be required by the Director or authorized Department personnel. This section is also not applicable to Law Enforcement Officers in the course of their official duties.

>>28A-8.3. *Duty to report violations.* All law enforcement officers and persons required to possess identification cards pursuant to Section 28A-5 shall be under a continuing duty to promptly report the presence of (1) any unauthorized persons in a restricted area and (2) any unauthorized person on the port without a conspicuously-placed identification card.<<

### Sec. 28A-9.    Freight security.

28A-9.1. *Pickup or delivery.* No person shall operate or use any vehicle or motor vehicle in the area of cargo operations or other restricted area to transport freight of any kind without an identification permit. All such persons must have a written pickup or delivery order pertaining to each vehicle or motor vehicle to be loaded or unloaded in the ACO or other restricted area. The aforesaid pickup or delivery order shall be a bill of lading or an order form or on a letterhead of the firm owning the freight or of the agent of the owner of the freight. Such order must be signed by an officer of the company or person authorized to sign such an order. Said order must describe the freight, the amount to be loaded, the vessel and the bill of lading numbers and marks, if any, on the freight. Any person not having such written order shall not enter the area of cargo operations or other restricted area.

28A-9.2. *Illegal loading.* No person shall knowingly allow any freight from the port to be loaded or carried aboard a vessel unless it is properly documented and manifested as freight to be loaded on that vessel.

28A-9.3. *Missing freight, reports.*

(a)    Whenever any shortage or suspected shortage is discovered as to any freight, an official company representative or company supervisor in charge of the freight or its movement at the time of the discovery of such shortage shall immediately notify the [[Dade County Public Safety]]>>Metro Dade Police<< Department. Such official company representative shall be responsible for giving all pertinent information concerning such freight or movement to the investigating Law Enforcement Officer and shall render all reasonable assistance to [[him]]>>the officer<<.

33

(b)     The official company representative or supervisor in charge of the cargo at the time the shortage is discovered shall, within twenty-four (24) hours from the time of discovery, complete an original and five (5) copies of the "Preliminary Cargo Security Incident Report" form available in the office of the Director. The original report shall be forwarded to the Metro-Dade Police Department. The remaining copies shall be distributed as indicated on the form.

(c)     All Port of Miami stevedore permit holders shall, if they have knowledge, >>immediately <<notify the >>Metro Dade Police Department<<[[Director, within a twenty-four-hour notice period,]] of the arrival or scheduled arrival of any shipment by land or water at the port of any firearms, weapons, destructive devices, explosives, or electric weapons or devices, as defined in Section 790.001, Florida Statutes, or any hazardous material, as defined in 49 U.S.C. 1802. >>Notification shall occur<<[[Such twenty-four-hour notice period shall commence]] with the receipt of the freight by the stevedore with actual knowledge of its contents, or with the receipt by the stevedore of the freight manifest revealing the nature of the freight, whichever occurs first. Failure of any Port of Miami stevedore permit holder to notify the >>Metro Dade Police Department<<[[Director]] as required herein shall constitute a violation of Chapter 28A of the Code of Metropolitan Dade County.

28A-9.4. *Seaport department fee for use of customs vehicle inspection facility located at Port of Miami.* Section 709 of the Port of Miami Tariff No. 10 is hereby amended and restated as follows: All vehicles which use the Seaport Department's Vehicle Examination Facility for the purpose of being inspected or processed by U.S. Customs, in accordance with Public Law 98-673 or otherwise, will be assessed a usage fee in the amount of $7.50 per vehicle, which shall be collected by the Seaport Department.

28A-9.5. *Allocation of portion of seaport collected user fees to auto theft task force to enhance support security operations.* Two dollars and fifty cents ($2.50) of every seven dollars and fifty cents ($7.50) collected by the seaport pursuant to section 28A-9.4 of this

34

chapter shall be allocated to the Dade County Multi-Agency Auto Theft Task Force for purposes of enhancing security at, and interdicting the flow of stolen motor vehicles through the Port of Miami.

### Sec. 28A-10.  Port watchmen, private security personnel.

(a)     All port users shall furnish their own port watchmen or security personnel when they have, within the port, freight or other personal property which is described in Section 28A-9(c).

(b)     All watchmen and security personnel employed by users of the port must comply with the provisions of Chapter 493, Florida Statutes.

(c)     Any person who intends to utilize watchmen or security personnel must give advance notification of such intended use to the Metro-Dade Police Department and the Director or his designee.

(d)     No person who has knowledge of the utilization of watchmen or special security personnel by any port user or person shall reveal the location or place of employment thereof within the port except to an authorized representative of the port or any State or federal law enforcement agency.

### Sec. 28A-11.  Fees.

The fee schedule for all licenses, permits and identification cards required by Chapter 28A shall be set and established by an administrative order of the County Manager and approved by the Board of County Commissioners; provided, however, that fees for the issuance of permits, identification cards and decals (other than replacements for such lost items) required for persons, vehicles and motor vehicles pursuant to Sections 28A-4 and 28A-5 shall not exceed >>two<<[[one]] dollar>>s<< ($>>2<<[[1]].00); and provided further that such >>two<<[[one]] dollar>>s<< ($[[1]]>>2<<.00) issuance fee shall not preclude the port from imposing additional fees for the privilege of doing business on the port, as established separately in the Port of Miami Terminal Tariff.

35

**Sec. 28A-12.  Prohibited conduct.**

>>28A-12.1. <<It shall be a violation of this chapter for any person to remain in or on any public area, place or facility at the port, in such a manner as to hinder or impede the passage of pedestrians or vehicles.

>>28A-12.2.  If any holder of a stevedore license or any other license or permit, or any officer, stockholder of greater than a twenty percent share, or member thereof, is convicted of a felony or against whom a finding of guilt has been entered in a felony case, after the issuance of such permit or license, such permit or license shall be immediately rescinded.

**Sec. 28A-13.  Personal Conduct.**

28A-13.1. *Handbills.*

(a)     No person shall distribute, exhibit or post any commercial handbills, circulars, leaflets of similar material on Port property.

(b)     No person shall throw any handbills, circulars, leaflets or similar material onto the Port, Port roads, rights-of-way, streets or sidewalks.

(c)     Except as may be permitted pursuant to subsection 28A-13.2 hereof, distribution of non-commercial handbills, circulars, leaflets or similar material may be conducted only upon Port public roads, rights-of-way, streets or sidewalks, in accordance with reasonable procedures established by the Department.

28A-13.2.  *Solicitation of contributions and distribution of materials.*

(a)     No person shall solicit alms or contributions of money or other articles of value, for religious, charitable or any other purpose, and receive money or other articles of value, whether in the form of cash, checks, credit or debit vouchers or any other form of negotiable instrument, in the

public areas of the Port.  No person shall conduct or participate in any speechmaking, distributing of pamphlets, books or other written or graphic materials upon Port property or within its facilities without having delivered a written notice to the Department of their intent to do so at least five (5) working days prior thereto so that the Department may be fully informed of the activity proposed and take adequate precautions to protect the public health, safety and order, and to assure the efficient and orderly use of Port property for its primary purpose and function, and to assure equal opportunity for the freedom of expression of others.

(b)     The written notice required herein shall state:

    (1)     The full name, address (and mailing address if different), telephone number of the person furnishing the notice, and, if an organization, the name, address and telephone number of a responsible local officer thereof and the title of such officer.

    (2)     The purpose or subject of the proposed activity and a description of the means and methods intended to be used in conducting the same.

    (3)     The date, hours and port facility desired for the proposed activity and the maximum number of persons proposing to participate therein at any one time, together with a form of identification card, authenticated copies of which shall be displayed on the outer clothing of each individual participating in the particular activity proposed.  Such identification cards shall contain the name of the organization furnishing the notice, the legal name of the individual bearing the card, the signature and title of the official of such organization and the date issued.

(c)     To the extent permitted by law, the Director shall have the authority to prescribe from time to time content neutral restrictions applicable to First Amendment activities at the Port.  Such restrictions shall be subject to the requirements

Amended
Agenda Item No. 4(G)
Page No. 36

of subsection (d) and may include, but not be limited to,
identifying specific locations of First Amendment zones on
Port property, limiting the number of persons permitted in
such zones, and providing a method for resolving conflicting
requests for use of First Amendment zones.

(d)   All restrictions prescribed by the Director shall be
reasonable and appropriate, and made only after a finding by
the Director that the restrictions are necessary to avoid
injury, or the likelihood of injury, to persons or property, or
to assure the safe and orderly use of Port facilities by the
public.

(e)   Persons having given such written notice to the Director as
provided in Section 28A-13.2(a) shall be permitted to
conduct their activities in or upon the public areas of the
Port, subject only to the restrictions identified by the
Director in a written response sent to the applicant.   Such
response shall be sent within five (5) days of the Director's
receipt of the applicant's notice.

(f)   If the Director notifies the applicant that their application is
denied, the County Attorney's office may file an appropriate
action in a court of competent jurisdiction and venue for a
judicial determination as to whether the proposed activity
described in the complaint may be prohibited, naming the
applicant as a party defendant.

(g)   No person, while engaging in the activities provided for
herein, shall seek to delay a person from whom a donation
or contribution is sought, or to obstruct, or unreasonably
interfere with access to or egress from any cruiseline,
concession or washroom facilities or premises, including,
but not limited to, passenger terminals, escalators and
elevators, nor shall such person in any manner assail,
coerce, threaten or physically disturb any member of the
public, County, cruiseline or concession employee or any
other person for any reason. The activities provided for
herein shall not intrude upon or take place in any location or
area reserved or zoned for a particular use, including, but
not limited to, washrooms, offices, seating areas, baggage

38

claim areas, ticketing areas, restaurants, lounges, concessions, areas devoted to business enterprises and passenger concourses and gate holding areas. No person shall engage in the activity hereunder without first identifying the organization he or she represents in connection with such prospective donation.

(h)     No person, while engaging in the activities provided for herein, shall affix any matter, written or graphic, to any Port structure or facility, nor shall any such matter be left unattended at any location at the Port except in baggage lockers for a period not exceeding twenty-four (24) hours upon payment of the prevailing fee.

(i)     The Director is empowered to wholly or partially restrict the activities provided for herein in the event of emergencies, including but not limited to, strikes affecting the operation of the Port, shipping or traffic accidents, riots or civil commotion, power failures, hurricanes, or other conditions tending to disrupt the normal operation of the Port.

(j)     All persons engaged in activities permitted under Section 28A-13.2 of the Code shall wear and display identification, approved by the Department, identifying such person and the organization such person represents. In no case shall any person in any activity under this section attempt to identify himself or herself as a representative of the County of the Department.

28A-13.3. *Preservation of property. No person shall:*

(a)     Destroy, injure, deface, disturb, or tamper with any building, sign, equipment, fixture, marker, or any other structure or property on the Port;

(b)     Injure, deface, remove, destroy, or disturb the trees, flowers, shrubs, or other vegetation on the Port;

(c)     Walk, drive or park on a posted lawn or seeded area of the Port; or

(d)    Willfully abandon any personal property on the Port.

Any person who causes damage to Port property shall be held liable for such damage.

28A-13.4. *Entry to restricted areas.* No person shall enter any restricted area of a Port except:

(a)    Persons who enter in accordance with security clearance pursuant to the security program established or authorized by the Department; or;

(b)    Persons assigned duties on a restricted area of the Port bearing proper identification as approved and required herein, or;

(c)    Persons who are employees or authorized representatives of the Department or other federal, State or local governmental department or agency, having proper business thereon and bearing proper identification as approved and required herein.

28A-13.5. *Coin-and currency-operated machines.* No person shall use or attempt to use a coin- or currency-operated machine without first depositing the coins or currency required by the instructions on the machine.

28A-13.6. *Use and enjoyment of Port premises.*

(a)    *Not to be obstructed.* Save and except in the area of cargo operations and in restricted areas, no person(s) singly or in association with others shall by his or their conduct or by congregating with others seek to obstruct, delay or unreasonably interfere with any other person or persons [[from the]] use and enjoyment of the Port and its facilities or any part thereof, or seek to obstruct, delay, or unreasonably interfere with the passage of any other person or persons from place to place, or through entrances, exits or passageways on the Port.

(b)    *Vehicles.*  No person shall use, ride or drive a unicycle, a go-cart, roller skates, roller blades, skateboards or similar vehicle on or at the Port, and no person shall drive a motor vehicle or ride a bicycle upon any area of the Port made available to the public other than on roads, walks, or rights-of-way provided for such purpose.

(c)    No person, unless authorized by lease,   Operational Directive, or otherwise, shall use, operate, drive or ride a boat, canoe, jet-skis, water scooter or other water vehicle whether motorized or not within 100 feet of any Seaport bulkhead line, within 200 feet of any Seaport berthing area occupied by a vessel, or in any manner that constitutes a hazard to safe navigation.  Excluded from this restriction are water vehicles used by a governmental agency for official purposes in such waterway or body of water.

(d)    No person, singly or in association with others, shall play any electronic or musical instrument, machine or other device in any public area of any cruise terminal building or on the cruise terminal curbside in such a manner or so loudly as to prevent the quiet enjoyment of others or to cause others not to be able to reasonably hear private conversations and public address announcements, except as part of a musical performance authorized in writing by the Department.

28A-13.7. *Picketing.*

(a)    Lawful picketing, marching or demonstrations on the Port may be conducted only upon Port public roads, rights-of-way, streets or sidewalks, in accordance with reasonable procedures established by the Department.

(b)    It shall be unlawful to picket, march or demonstrate within a cruise terminal building structure at the Seaport of Miami.

(c)    Chapter 28A shall not be construed to limit in any way any rights granted or derived from any other statute or any law guaranteeing employees the right to organize in labor organizations, bargain collectively themselves or through labor organizations or other representatives of their choice.

Amended
Agenda Item No. 4(G)
Page No. 40

28A-13.8. *Prohibited conduct.* It shall be unlawful for any person to remain in or on any area, place or facility at the Port, unless such person has a bona fide purpose for being in such area, place or facility, directly related to the normal and regular usage of such area, place or facility, in such a manner as to hinder or impede the orderly passage in or through or the normal or customary use of such area, place or facility by persons or vehicles entitled to such passage or use.

28A-13.9. *Sanitation.*

(a)    No person shall dispose of garbage, papers, refuse or other forms of trash, including cigarettes, cigars and matches, except in receptacles provided for such purpose.

(b)    No person shall dump or dispose of any fill, building material or any other material on the Port, except with prior approval of the Department and in such areas and under such conditions as are specifically designated.

(c)    No person shall use a comfort station or rest room, toilet or lavatory facility other than in a clean and sanitary manner.

(d)    No person shall deposit, blow, or spread any bodily discharge on the ground or pavement anywhere on the Port or on any floor, wall, partition, furniture, or any other part of a public comfort station, terminal building, or other building on the Port, other than directly into a fixture provided for that purpose.

(e)    No person shall place any foreign object in any plumbing fixture of a comfort station, terminal building, or other building on the Port.

28A-13.10. *Intoxication.*

(a)    No person shall drink any intoxicating liquors upon any portion of the Port open to the public, except in special service lounges or club rooms properly designated by the Director or by lease for on-premises liquor consumption.

Amended
Agenda Item No. 4(G)
Page No. 41

(b)    No person under the influence of intoxicating liquors or drugs shall operate any motor vehicle on the Port.

28A-13.11. *Drugs.* No person, other than a duly qualified physician, a certified emergency medical technician (under the direction of a duly qualified physician or as provided by law), a registered nurse, or a duly qualified pharmacist shall, while on the Port, prescribe, dispense, give away, or administer any controlled substance as defined from time to time by state or federal law to another or have such a drug in his possession, with intent to prescribe, dispense, sell, give away, or administer it to another. Such persons shall not be authorized to offer to sell or to sell such drugs except pursuant to a permit, license or agreement issued by the County.

28A-13.12. *Animals.*

(a)    No person, other than a person who is blind, visually impaired or otherwise disabled with a seeing eye or other specially trained dog, or who is accompanied by a trained dog used for law enforcement purposes under the control of an authorized law enforcement officer, shall enter the cruise terminal building with a domestic animal, unless such animal is to be or has been transported by sea and is kept restrained by a leash or otherwise confined so as to be completely under control.

(b)    No person except law enforcement personnel using a dog trained for law enforcement purposes, shall enter any part of the Port, with a domestic animal, unless such animal is kept restrained by a leash or is so confined as to be completely under control, whether or not such animal is to be or has been transported by sea travel. No person shall bring, carry or deliver any wild animal under his control or custody into the cruise terminal buildings of the Port, without having first obtained a permit from the Department.

(c)    Except for animals that are to be or have been transported by sea and are properly confined for sea travel, no person shall permit any wild animal under his control or custody to enter the Port.

43

Amended
Agenda Item No. 4(G)
Page No. 42

(d)   No person other than in the conduct of an official act shall hunt, pursue, trap, catch, injure, or kill any animal on the Port.

(e)   No person shall ride horseback on the Port without prior authorization of the Department.

(f)   No person shall permit, either willfully or through failure to exercise due care or control, any animal to urinate or defecate upon the sidewalks of the Port or upon the floor of the terminal building or any other building used in common by the public.

(g)   No person shall feed or do any other act to encourage the congregation of birds or other animals on or in the vicinity of the Port.

28A-13.13. *Lost articles.* Any person finding lost articles at the Port shall immediately deposit them with an authorized representative of the Department. Articles unclaimed by their proper owner within three (3) months thereafter shall, upon request, be turned over to the finder or otherwise be lawfully disposed of, in accordance with applicable law or Operational Directive. Nothing in this paragraph shall be construed to deny the right of scheduled shipping or other Port tenants to maintain "lost and found" services for property of their passengers, customers, invitees or employees as permitted by law. Articles to which the owner or finder is not entitled to lawful possession shall be forfeited to the Department for disposal in accordance with the provisions of applicable law or County administrative order.

28A-13.14. False reports or threats. No person shall make any threat involving shipping or any facilities or operations at or on the Port or false report regarding the conduct of operations at or use of the Port.

28A-13.15. Forgery and counterfeit. No person shall make, possess, use, offer for sale, sell, barter, exchange, pass, or deliver any forged, counterfeit, or falsely altered pass, permit, identification badge, certificate, placard, sign, or other authorization purporting to be issued by or on behalf of the Department, nor shall any

Amended
Agenda Item No. 4(G)
Page No. 43

information electronically or magnetically encoded thereon be
knowingly altered or erased.<<

Section 2.    If any section, subsection, sentence, clause or provision of this ordinance is

held invalid, the remainder of this ordinance shall not be affected by such invalidity.

Section 3    It is the intention of the Board of County Commissioners, and it is hereby

ordained that the provisions of this ordinance, including any sunset provision, shall become and be

made a part of the Code of Metropolitan Dade County, Florida.  The sections of this ordinance

may be renumbered or relettered to accomplish such intention, and the word "ordinance" may be

changed to "section," "article," or other appropriate word.

Section 4.    This ordinance shall become effective ten (10) days after the date of

enactment unless vetoed by the Mayor, and if vetoed, shall become effective only upon an

override by this Board.

Section 5.    This ordinance does not contain a sunset provision.

PASSED AND ADOPTED:

Approved by County Attorney as
to form and legal sufficiency:

Prepared by:                        JMM

Sponsored by Commissioner Bruce C. Kaplan, Dr. Miriam Alonso and Commissioner Javier D.
Souto

C:\DOCS\ORD33\426.SAM

45

Amended
Agenda Item No. 4(G)
Page No. 43

information electronically or magnetically encoded thereon be
knowingly altered or erased.<<

Section 2.    If any section, subsection, sentence, clause or provision of this ordinance is

held invalid, the remainder of this ordinance shall not be affected by such invalidity.

Section 3.    It is the intention of the Board of County Commissioners, and it is hereby

ordained that the provisions of this ordinance, including any sunset provision, shall become and be

made a part of the Code of Metropolitan Dade County, Florida.  The sections of this ordinance

may be renumbered or relettered to accomplish such intention, and the word "ordinance" may be

changed to "section," "article," or other appropriate word.

Section 4.    This ordinance shall become effective ten (10) days after the date of

enactment unless vetoed by the Mayor, and if vetoed, shall become effective only upon an

override by this Board.

Section 5.    This ordinance does not contain a sunset provision.

PASSED AND ADOPTED:        SEP 2 3 1997.

Approved by County Attorney as
to form and legal sufficiency:          RAG

Prepared by:                                  JMM

**Sponsored by Commissioner Bruce C. Kaplan, Dr. Miriam Alonso and Commissioner Javier D.
Souto**

C:\DOCS\ORD32\426.SAM

48

98-0014
CIV-ATKINS

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 1416

**DEFENDANTS**

MIAMI-DADE COUNTY

MAGISTRATE JUDGE JOHNSON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-DADE 98CV0014/CCA/LRJ

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
NEIL FLAXMAN, ESQ.
550 BILTMORE WAY
CORAL GABLES, FL 33134

ATTORNEYS (IF KNOWN)
JESS McCARTY
ASST COUNTY ATTY
111 NW 1st ST
MIAMI, FL 33128

FILED by _____ D.C.
INTAKE
JAN 5 1998
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** _____ days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor/Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other * | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights * A or B | | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed From State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (Specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 **CLASS ACTION**
**DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): NONE
JUDGE _____ DOCKET NUMBER _____

DATE 1-2-98
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 68628 4   Amount: 150.00
Date Paid: 01/06/98   M/ifp: _____