UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-0014-CIV-DIMITROULEAS

INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, LOCAL 1416, ON ITS BEHALF
AND ON BEHALF OF ITS MEMBERS,

Magistrate Judge Johnson

Plaintiffs,

vs.

MIAMI-DADE COUNTY,

Defendant.

_____

**FINAL ORDER OF DISMISSAL**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Amended Complaint and Motion for Summary Judgment [DE 16]. The Court has carefully considered the motion, and is otherwise fully advised in the premises.

I. BACKGROUND

This case concerns a constitutional challenge to an ordinance enacted June 2, 1998 by the Miami-Dade County Commission to increase security and reduce crime at the Port of Miami ("Port") (hereinafter, "Ordinance").[1] Plaintiffs, a labor union representing its employees who are employed by private corporations but work at the Port, challenge in their Amended Complaint the portion of the Ordinance regarding issuance of "Seaport identification cards" ("ID") to workers at the Port. The Ordinance requires persons who enter the Port, except cruise ship

---

[1] Since neither party submitted a certified copy of the Ordinance, the Court attempted to research the Ordinance's official number through on-line research databases, but could not find the Ordinance's number. However, for identification purposes, the Ordinance at issue was apparently enacted June 2, 1998, and amended Chapter 28A (Seaport Security) of the Miami-Dade County Code of Ordinances.



passengers, to obtain an ID. Thus, all workers at the Port, including the Plaintiffs, must apply for and obtain an ID to report to their jobs.

The Ordinance, as amended, requires denial of an ID to a <u>current</u> Port worker if he or she has had a felony conviction or finding of guilt on a felony charge within the last five years for: a) cargo theft; b) smuggling; c) the usage, possession, sale, or trafficking of any controlled substance; d) dishonesty, fraud, or misrepresentation; e) felony theft; f) any violent crime committed with a weapon; or g) any crime committed under Florida Statutes Chapter 812 (entitled "Theft, Robbery and Related Crimes") or its federal law counterpart." Ordinance, Section 28A-5.3(g). In addition, the Port Director may suspend or revoke the use of an ID card based upon any felony arrest, conviction, finding of guilt or other just cause, provided that the power to suspend, revoke or reinstate may not be exercised in conflict with a decision by the appeals committee. Ordinance, Section 28A-5.5.

Those who are denied an ID have the right to appeal the decision to an appeals committee. Ordinance, Section 28A-5.3(h). The five-member appeals committee consists of a member of the Dade Police Chiefs' Association, the Special Agent in charge of the U.S. Customs Service in Miami, a representative of the employee's employer, the Port Director, and a union or employee representative. <u>Id.</u>

Plaintiffs' Amended Complaint argues that this Ordinance violates the United States Constitution and the Florida Constitution under the Equal Protection Clause, the Due Process Clause, the Ex Post Facto Clause, and the Contracts Clause. In addition, Plaintiffs allege that the revocation and appeals procedures allow unbridled discretion for the denial of an ID card.

---

[2] For new Port employees, no applicant may be issued an ID if they have had <u>any</u> felony conviction or finding of guilt on a felony charge in the last <u>ten</u> years.

2

II. DISCUSSION

In its Motion to Dismiss or Motion for Summary Judgment, the Defendant asserts that the Plaintiffs' Amended Complaint should be dismissed for lack of a controversy and failure to state a claim. It is long settled that a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-336 (11th Cir.1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir.1967)).

### A. Ripeness as to Current Employees

The Eleventh Circuit has held that:

> [J]usticiability concerns mandate that a plaintiff in a pre-enforcement challenge demonstrate a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement. We have identified three ways in which a plaintiff may meet this standard: (1) it was threatened with application of the statute; (2) application is likely; or (3) there is a credible threat of application.

Socialist Worker's Party v. Leahy, 145 F.3d 1240, 1245 (11th Cir. 1998) (citations omitted).

This Court finds that the plaintiffs have met this standard by showing that there is a credible threat of application of the Ordinance to current employees at the Port of Miami. The Miami-Dade County Commission would not have enacted a comprehensive anti-crime ordinance, then substantially amended that ordinance after discussions with the Plaintiffs, and then not enforce the ordinance. That the County has not to date enforced the statute (partly as a result of an agreement between the parties resulting in the withdrawal of a motion for temporary injunctive relief in this case) is not dispositive. Plaintiffs who fall under the Ordinance's permit application denial criteria would lose their ability to work at their jobs once enforcement began.

3

Therefore, Plaintiffs, as current employees, have demonstrated a realistic danger of sustaining direct injury under the Socialist Worker's Party test.

### B. Standing

A different conclusion as to justiciability must be reached as to prospective employees. To the extent that Plaintiffs seek to challenge the law on behalf of new employees, a standing problem exists. The Amended Complaint states that the "affected individuals are employed at the Port." Amended Complaint at ¶¶ 9, 11. It is not alleged that members of Plaintiff labor union who wish to work at the Port of Miami, but are not currently employed at the Port of Miami, are included in this lawsuit. As stated above, the Court notes that current employees and prospective employees are treated differently, and thus are not similarly situated under the Ordinance. Therefore, the Court finds that the Amended Complaint must be dismissed without prejudice as far as prospective employees are concerned.

### C. Equal Protection and Due Process Clauses

Plaintiffs argue that the Ordinance violates the equal protection clause and the due process clause of the United States Constitution and the Florida Constitution. Plaintiffs' Amended Complaint states that the ordinance denies equal protection and due process because it singles out the Port of Miami as the sole geographic area under the ordinance and targets individuals who have felony convictions or findings of guilt regardless of the relationship of the convictions to crime at the Port of Miami or to the individuals' propensity to commit crimes. Amended Complaint at ¶¶ 22, 30. Neither of these arguments identifies a protected class or a fundamental right under the precedents of the United States Supreme Court, the Florida Supreme Court, or the United States Circuit Court of Appeals for the Eleventh Circuit. Therefore, a rational basis test is appropriate for this ordinance. Bannum v. City of Fort Lauderdale, 157 F.3d

4

819, 822 (11th Cir. 1998); Chandler v. Georgia Public Telecommunications Commission, 917 F.2d 486, 489 (11th Cir. 1990).

The rational basis test has been met in this case. As the Eleventh Circuit has stated:

> This test is generally easily met. A searching inquiry into the validity of legislative judgments concerning economic regulation is not required. The task is to determine if "any set of facts may be reasonably conceived to justify" the legislation. To put it another way, the legislation must be sustained if there is any conceivable basis for the legislature to believe that the means they have selected will tend to accomplish the desired end. Even if the court is convinced that the political branch has made an improvident, ill-advised, or unnecessary decision, it must uphold the act if it bears a rational relation to a legitimate governmental purpose.
> Under the rational basis test, the primary issues are: first, whether the government has the power or authority to regulate the particular area in question; and second, whether the method the Government has chosen to accomplish this goal bears a rational relation to the ultimate objective.

Cash Inn of Dade, Inc. v. Metropolitan Dade County, 938 F.2d 1239, 1241 (11th Cir. 1991) (citations omitted).

Plaintiffs do not allege that the Miami-Dade County Commission does not have the authority to regulate security at the Port of Miami. Even if they did, the Court finds that the Miami-Dade County Commission does have the authority to provide for security clearances for entry into the Port of Miami under its powers to protect the general welfare of the citizens of Miami-Dade.

Plaintiffs do argue that the Ordinance is not rationally related to the purpose of reducing crime at the Port of Miami. Plaintiffs argue that treating all felonies committed by applicants for a permit to enter the Port the same does not distinguish between felonies that have no relation to being a dockworker. Plaintiffs' argument seems more relevant to the original ordinance and not the amended ordinance at issue in this case. The Ordinance at issue in this case, and as presented

in Plaintiffs' Amended Complaint, does not treat all felonies equally for current employees.[3] The felony convictions that can result in the denial of an ID card to a current employee are related to theft, drugs and violent crime. Regardless of the precise history of problems of these felonies occurring at the Port of Miami exists,[4] the Court finds that the Miami-Dade Commission has chosen a method to accomplish the goal of crime prevention at the Port that bears a rational relation to the ultimate objective.

Plaintiff makes a further due process argument under Florida law. Florida Statutes Section 122.011(b) states:

> . . . a person whose civil rights have been restored shall not be disqualified to practice, pursue, or engage in any occupation, trade, vocation, profession, or business for which a license, permit, or certificate is required to be issued by the state, any of its agencies or political subdivisions, or any municipality solely because of a prior conviction for a crime. However, a person whose civil rights have been restored <u>may be denied</u> a license, permit, or certification to pursue, practice, or engage in an occupation, trade, vocation, profession, or business by reason of the prior conviction for a crime <u>if the crime was a felony</u> or first degree misdemeanor <u>and directly related to the specific</u> occupation, trade, vocation, profession, or business for which the license, permit, or certificate is sought.

(emphasis added). Subsection (3) states that any complaint concerning the violation of this section shall be adjudicated in accordance with the procedures set forth in Florida's Administrative Procedures Act. Fla. Stat. § 112.011(3).

Plaintiffs argue that the Ordinance violates the above Florida statute. Assuming for the

---

[3] The Ordinance apparently does treat all felonies the same for purposes of the Port Director's ability to suspend or revoke the use of an ID for current employees. However, again, no protected class or fundamental right is at issue. Moreover, the concern of retroactive application and injury for past felony convictions is removed in this situation of current employees and future felony convictions. The Court finds that giving the Port Director the ability to suspend or revoke an ID card, subject to review and precedents set by the appeals committee is a rationally related use of government power to control crime at the Port of Miami.

[4] Under a rational basis test, there is no need for discovery as to the motives of the legislators who enact an ordinance. Cash Inn, 938 F.2d at 1241.

6

moment that the ID card in question is covered under this statute pursuant to Florida law, the statute allows a denial of the ID card for felonies directly related to the occupation. The enumerated felonies in section 28A5.3(g) are directly related to reducing crime and increasing security at the Port. More importantly, however, Section 112.011 provides for administrative and judicial review under Florida law. Therefore, this Court is not the appropriate forum to bring a challenge to a municipal ordinance that is proper under the United States Constitution but allegedly improper under a Florida statute.

### D. Ex Post Facto Clause

Plaintiff's next allegation in its Amended Complaint is that the Ordinance violates the Ex Post Facto Clause of the United States Constitution in that the Ordinance reaches back in time to punish previous felony convictions which occurred before the passage of the Ordinance. Plaintiff cites to Peeler v. Heckler to support its argument. Peeler v. Heckler, 781 F.2d 649 (8th Cir. 1986) (disqualification of prisoner from Social Security insurance benefits because prisoner's basic necessities now provided by the government). However, the Eighth Circuit held in that case that:

> if the law in question is focused on the past crime, then it is likely intended as a punishment, while if the focus is upon the benefit from which the person is barred, it is not, even though the impact on the individual may be harsh. The mere denial of a noncontractual government benefit . . . without a showing of penal intent, does not fall within the ex post facto prohibition.

781 F.2d at 651 (citations omitted).

The Eleventh Circuit follows a similar analysis. The Court must determine whether the Ordinance is punitive or remedial. Manocchio v. Kusserow, 961 F.2d 1539, 1541 (11th Cir. 1992) (upholding 1987 amendment to law providing five year mandatory exclusion of doctor from Medicare program for his 1984 offense of Medicare fraud). The Ordinance in question

allowing denial of an ID card for past felony convictions is clearly remedial and focused on the benefit, an ID card, to be barred, rather than as a punishment to those with prior felony convictions. The intent of the Ordinance on its face is to increase security at the Port of Miami. Therefore, Plaintiffs have not stated a claim for relief under the Ex Post Facto Clause of the United States Constitution.

### E. Contracts Clause

Plaintiffs' final argument seeks to invalidate the Ordinance on the basis of the Contracts Clause of the United States Constitution. Plaintiffs assert that as employees under contract they have a right that cannot be impaired by government action. Three factors are considered when evaluating a claim that the Contract Clause has been violated: (1) whether the Ordinance substantially impairs a contractual relationship; (2) whether there is a significant and legitimate public purpose for the Ordinance; and (3) whether the adjustments of rights and responsibilities of the contracting parties are based upon reasonable conditions and are of an appropriate nature. Vesta Fire Insurance Corporation v. State of Florida, 141 F.3d 1427, 1433 (11th Cir. 1998).

The Ordinance does substantially impair a contractual relationship in that denial of an ID card to a worker employed at the Port of Miami will result in his or her inability to report for work. Thus, assuming for purposes of the motion to dismiss and for summary judgment that a substantial impairment to Plaintiffs' contracts exists, the Miami-Dade Commission must "have a significant and legitimate public purpose behind the regulation." Vesta Fire Ins. Corp., 141 F.3d at 1434. This Court finds that the Ordinance does serve a significant and legitimate public purpose in increasing security at the Port by denying entry to employees with theft, weapons or drug related felony convictions within the last five years and allowing the Port Director to suspend or revoke ID's in the case of future felony arrests or convictions. As to the final part of

the Contract Clause analysis, the Eleventh Circuit has stated that:

> Once a legitimate purpose is identified, we must look to whether the state's adjustments of the rights and responsibilities of the contracting parties are based upon reasonable conditions and are of an appropriate nature. Unless the State itself is a contracting party. . . courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure.

Id. at 1434 (internal citations and quotations omitted).

In this case, Miami-Dade County is not a party to the employment contracts between the labor union and the employers at the Port. Thus, this Court will not second-guess the Miami-Dade Commission as to its conclusion that the denial of an ID card to existing Port employees with less than five-year-old felony convictions related to theft, drugs or weapons is both a necessity and a reasonable imposition on contract rights to increase security at the Port of Miami.

### III. CONCLUSION

This Court concludes that all claims of Plaintiffs' Amended Complaint may be dismissed without need for discovery, by looking at the plain language of the Ordinance and taking all factual allegations in the Amended Complaint as true.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 16-1] and Motion for Summary Judgment [DE 16-2] is hereby **GRANTED**. All claims in the Complaint under federal law as to current employees at the Port of Miami are **DISMISSED WITH PREJUDICE**. All claims in the Complaint under federal law as to prospective employees at the Port of Miami are **DISMISSED** for lack of standing. All state law claims are hereby **DISMISSED** pursuant to 28 U.S.C. §1367(c)(3), in that this Court has dismissed all claims over which it has original jurisdiction;

2. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29 day of March, 1999.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

Neil Flaxman, Esq.
Jess McCarty, Esq.